# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**ELIZABETH SNYDER,**

        **Plaintiff,**                                              **CIVIL ACTION**

v.                                                                     **Case No. 10-CV-2230-EFM-GLR**

**MODERN MAINTENANCE, INC.**
**and CB RICHARD ELLIS, INC.,**

        **Defendants.**

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion for Leave to Amend Complaint (ECF No. 16). Plaintiff requests leave to amend her Complaint to dismiss claims against Defendant CB Richard Ellis, Inc. ("Ellis") and to clarify claims against Defendant Modern Maintenance, Inc. ("Modern"). Defendant Modern does not oppose the request to amend to dismiss Defendant Ellis. Defendant Modern does, however, oppose Plaintiff's proposed amendment of her complaint to add new factual allegations and assert new claims. The Motion is granted.

## I.    Background

Plaintiff filed her Complaint on April 20, 2010. She asserts claims against her employer, Modern, for wage violations, retaliation for wage complaint, and violations of the Fair Labor Standards Act ("FLSA")[1] and Kansas Wage Payment Act.[2] She also asserted claims against Defendant Ellis, who allegedly supervised her day-to-day activities. Defendants filed their answers

---

[1] 29 U.S.C. § 201 *et seq.*

[2] K.S.A. 44-312 *et seq.*

respectively on May 25 and 26, 2010.[3]

At the scheduling conference on August 5, 2010, the Court set a deadline of September 2, 2010, for any motions for leave to join additional parties or otherwise amend the pleadings.[4] Plaintiff filed the instant motion for leave to amend on September 2, 2010, seeking to dismiss her claims against Defendant Ellis and to clarify her claims against Defendant Modern.

## II.  Standard for Ruling on Motions for Leave to Amend Complaint

Federal Rule of Civil Procedure 15(a)(1) allows one amendment of a complaint as a matter of course within 21 days after service of the complaint;[5] or 21 days after receiving service of an answer or motion to dismiss under Rule 12(b), (e), or (f), whichever is earlier.[6]  Subsequent amendments are allowed "only with the opposing party's written consent or the court's leave."[7]  The court is instructed to "freely give leave when justice so requires."[8]  "Refusing leave to amend is generally only justified upon a showing of undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party, or futility of amendment."[9]  The court's decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion and will not be disturbed absent an abuse of that

---

[3] ECF Nos. 6 and 8.

[4] *See* Scheduling Order (ECF No. 11).

[5] Fed. R. Civ. P. 15(a)(1)(A).

[6] Fed. R. Civ. P. 15(a)(1)(B).

[7] Fed. R. Civ. P. 15(a)(2).

[8] *Id*.

[9] *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir.1993) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

discretion.[10]

**III. Discussion**

Defendant Modern argues that Plaintiff seeks to add a new claim for overtime violations for her individually, and a claim for record-keeping violations under the FLSA. It contends these are new claims not raised in her original complaint and are based on facts within her knowledge when she filed the original Complaint. Defendant Modern asserts that Plaintiff has unduly delayed making these claims, and that it would be prejudiced by the amendment.

Plaintiff disputes the contention that her amended complaint asserts new FLSA claims for failure to pay overtime and for violation of records policies. Her reply brief characterizes all of her claims as for her individually. With regard to the contention that she is proposing new claims under the FLSA for overtime and record-keeping violations, she points to paragraphs 54 through 57 of Count III of her *original* complaint wherein she alleges that Defendant Modern "knew that their new time keeping system was not accurately reporting time," was "subject to the recordkeeping and overtime pay requirment of the FLSA," "violated the FLSA by failing to pay its workers for all of their time worked, including overtime," "willfully failed to keep accurate records of all hours worked by employees," and "removed records from the Topeka facility."[11] She maintains that she is only adding factual allegations to clarify claims already pled in her original complaint.

The Court has compared the proposed Amended Complaint with the original Complaint. It concludes that the amendments do not assert any new claims not pled in the original. The amendments merely add factual allegations to clarify the existing claims. The Court finds no

---

[10] *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452,1462 (10th Cir. 1991).

[11] Compl. ¶¶ 54-57 (ECF No. 1).

prejudice to Defendant Modern by this amendment. Plaintiff may have known these facts with the filing of her original complaint. But that possibility does not justify a denial of her motion. She timely filed it by the scheduled deadline. Discovery may proceed through January 5, 2011. The case is set for trial August 9, 2011. Defendant Modern has sufficient time to prepare its defenses and conduct discovery. But Defendant has not shown prejudice by allowing the amendment, even were it construed to assert a new or additional claim.

Defendant Modern also argues that the assertion of a new claim under the FLSA for removal of payroll records is futile. It professes ignorance of any FLSA provision or accompanying regulation that requires an entity to keep its payroll records at a specific location. But the Court finds that the proposed amendment does not add new claims. The argument of futility, therefore, fails. If it so chooses, Defendant Modern can more appropriately pursue its argument with a dispositive motion.

In conclusion, the Court finds the motion is timely filed. It further finds that the proposed amendment does not add new claims, only factual allegations to clarify those already pled in the original complaint. The amendment is not futile. Nor is there any showing of undue delay, bad faith or dilatory motive on the part of Plaintiff in seeking leave to amend. The Court further finds that Defendant Modern incurs no prejudice by the Amended Complaint at this relatively early stage of the litigation.

IT IS THEREFORE ORDERED THAT Plaintiff's Motion for Leave to Amend Complaint (ECF No. 16) is granted. Pursuant to D. Kan. Rule 15.1(b), Plaintiff shall file and serve her First Amended Complaint **within 14 days of the date of this Order**.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 8th day of October, 2010.

                                                          S/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge